| | |
|---|---|
| ARLENE ELIZABETH MASTERSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:16-cv-01300-GPC-WVG<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(4) REMANDING THE MATTER FOR FURTHER PROCEEDINGS**<br><br>**[ECF Nos. 13, 15, 17.]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On May 31, 2016, Plaintiff Arlene Elizabeth Masterson ("Plaintiff" or "Masterson") filed a Complaint seeking judicial review of a final decision by Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration ("Defendant" or

1

"Commissioner"),[1] denying Plaintiff's applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on the basis that Plaintiff was not disabled. (Dkt. No. 1.)

The parties filed cross-motions for summary judgment. (Dkt. Nos. 13, 15.) On July 11, 2017, Magistrate Judge William V. Gallo issued a report and recommendation ("Report") recommending that the undersigned judge grant Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and remand the matter for further proceedings by the administrative law judge ("ALJ"). (Dkt. No. 17.) Defendant filed objections to the Report on July 25, 2017, (Dkt. No. 18), and Plaintiff filed a response to Defendant's objections, (Dkt. No. 19-1). Having reviewed the parties' arguments, the record, and the applicable law, the Court **ADOPTS** the Magistrate Judge's Report.

## LEGAL STANDARD

### I. Standard of Review of Magistrate Judge's Report and Recommendation

The district court's duties in connection with a Report from a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district court "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc). When no objections to a Report are made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Ct. for the N. Dist. of California*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

---

[1] Commissioner Nancy A. Berryhill is substituted for Commissioner Carolyn W. Colvin pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

## II. Standard of Review of Commissioner's Final Decision

Section 205(g) of the Act permits unsuccessful claimants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. § 405(g). The reviewing court may enter a judgment affirming, modifying, or reversing the Commissioner's decision, and may also remand the matter to the Social Security Administrator for further proceedings. *Id.*

The scope of the reviewing court is limited; it may only "set aside the ALJ's denial of benefits . . . when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (internal quotations omitted). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. SSA*, 466 F.3d 880, 882 (9th Cir. 2006). However, "[e]ven if the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## III. Determination of Disability

For purposes of the Social Security Act, a claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation. 20 C.F.R. § 416.920(a); *Molina*, 674 F.3d at 1110. If the ALJ determines that a claimant is either disabled or not disabled at a step in the process, the ALJ does not continue on to the next step. *See* 20 C.F.R. § 416.920(a)(4); *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir. 2009). In brief, the ALJ considers whether the claimant is disabled by determining: (1) whether the claimant is "doing substantial gainful activity"; (2) whether the claimant has a "severe,

medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity ("RFC"), the claimant can still do his or her "past relevant work"; and (5) whether the claimant "can make an adjustment to other work." 20 C.F.R. § 416.920(a). Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's RFC. *See* 20 C.F.R. § 416.920(e); *Bray*, 554 F.3d at 1222–23; *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). The burden of proof is on the claimant at steps one through four but shifts to the Commissioner at step five. *Bray*, 554 F.3d at 1222.

## DISCUSSION

Defendant objects to the Magistrate Judge's Report on three grounds.[2] (Dkt. No. 18.) Each is discussed in turn below.

### I. Waiver of the Substantial Gainful Activity ("SGA") Issue

Plaintiff argued to the Appeals Council that the ALJ erred in finding that her past work was performed at the level of substantial gainful activity, as her past work did not meet the minimum monthly earnings thresholds to qualify as such. (Dkt. No. 17 at 15–16.) The Magistrate Judge concluded that although Plaintiff failed to raise the SGA issue before the ALJ, Plaintiff ultimately did not waive the issue, because she presented it to the Appeals Council when she sought review of the ALJ's decision. (*Id.* at 17–18.)

Defendant relies upon *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), to argue that Plaintiff waived the SGA issue by failing to raise it in front of the ALJ in the first instance. (Dkt. No. 18 at 2–4.) In *Meanel*, the claimant "relie[d] on new statistics that she admittedly failed to raise at *both* her hearing before the ALJ and the Appeals Council." 172 F.3d at 1115 (emphasis added). The Ninth Circuit observed that "[t]he

---

[2] No objections were made to the remainder of the Magistrate Judge's Report. Accordingly, the Court limits its discussion to Defendant's three objections. *See Reyna-Tapia*, 328 F.3d at 1121–22. The Magistrate Judge's description of the proceedings below are incorporated by reference. (*See* Dkt. No. 17 at 6–12.)

ALJ, rather than this Court, was in the optimal position to resolve the conflict between Meanel's new evidence and the statistical evidence provided by the VE." *Id.* Accordingly, the Ninth Circuit held that, "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Id.*

*Meanel* is distinguishable. First, the claimant in *Meanel* failed to raise the new statistical evidence at her hearing before either the ALJ or the Appeals Council. *See* 172 F.3d at 1115. *Meanel*'s holding requires represented claimants to "raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Id.* The holding does not, however, specify which level of the administrative process is the terminus for purposes of waiver. *See id.* Second, recent Ninth Circuit authority disfavors Defendant's position. *See Lamear v. Berryhill*, No. 15-35088, 2017 WL 3254930, at *4 (9th Cir. Aug. 1, 2017) (publication forthcoming). In *Lamear*, the Ninth Circuit rejected the Commissioner's argument that claimant's counsel waived an issue by failing to raise it during the hearing in front of the ALJ. *See id.* The Ninth Circuit distinguished *Meanel*, noting that "[u]nlike the claimant in *Meanel*, Lamear raised this issue to the Appeals Council." *Id.*

The Court **OVERRULES** Defendant's first objection.

## II. Apparent Conflict Between the Vocational Expert's ("VE's") Testimony and Dictionary of Occupational Titles ("DOT")

"In determining whether an applicant is entitled to disability benefits, an ALJ may consult a series of sources, including a [vocational expert ("VE")] and the [Dictionary of Occupational Titles ("DOT")]." *Lamear*, 2017 WL 3254930, at *2. "If the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the *Dictionary*, then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016). The conflict must be "obvious or apparent." *Id.* at 808.

5

The Magistrate Judge concluded that the ALJ erred at step five by failing to ask the VE to reconcile the apparent conflict between the VE's testimony and the overhead reaching requirements detailed in the DOT.  (Dkt. No. 17 at 21–25.)  Specifically, Plaintiff's RFC limited her to reaching overheard with her right arm on only an occasional basis, or up to one-third of the day.  (*See id.* at 23.)  Despite this limitation, the VE identified three jobs—mail clerk, small parts assembler, and garment folder—that required frequent or constant reaching under the DOT.  (*See id.* (DOT notes that mail clerks and small parts assemblers perform frequent reaching between one-third to two-thirds of the time, and that garment folders perform constant reaching two-thirds of the time or more).)  Problematically, the definition of reaching entails extending the hands and arms in *any* direction, which Plaintiff cannot do with her right arm.  (*See id.*)  The VE's testimony exceeded Plaintiff's RFC and created an apparent conflict with the requirements listed in the DOT.

Relying on *Gutierrez v. Colvin*, 844 F.3d 804 (9th Cir. 2016), Defendant argues that there was no apparent conflict between the VE's testimony and the DOT.  (Dkt. No. 18 at 4–7.)  At issue in *Gutierrez* was "whether *overhead* reaching is such a common and obvious part of cashiering that the ALJ should have recognized a conflict and questioned the expert more closely before concluding that Ms. Gutierrez could work as a cashier." *Gutierrez*, 844 F.3d at 807.  Specifically,

> the applicant could not reach above shoulder level with her right arm.  The VE opined that she could work as a cashier, and the ALJ did not specifically question the VE about how the applicant could do this in light of her inability to reach overhead with her right arm.  The applicant in *Gutierrez* . . . argued that the ALJ should have recognized a conflict between the DOT and the VE's testimony, and questioned the VE more closely.

*Lamear*, 2017 WL 3254930, at *3 (citing *Gutierrez*, 844 F.3d at 807).  Notwithstanding the above, the Ninth Circuit "held there was no error because, based on common experience, it is 'unlikely and unforeseeable' that a cashier would need to reach

overhead, and even more rare for one to need to reach overhead with both arms." *Id.* (citing *Gutierrez*, 844 F.3d at 808–09 & 809 n.2).

*Lamear* is again instructive. In *Lamear*, the Ninth Circuit emphasized that "'[t]he requirement for an ALJ to ask follow up questions is fact-dependent,' and the more obscure the job, the less likely common experience will dictate the result." *Id.* at *3 (quoting *Gutierrez*, 844 F.3d at 808). Further, "[t]o avoid unnecessary appeals, an ALJ should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC." *Id.* In *Lamear*,

> The VE opined that an individual with Lamear's limitations, which included being able only "occasionally" to handle, finger, and reach overhead with his left, non-dominant hand and arm, but with no limitations on his right side, . . . could still work as an office helper, mail clerk, or parking lot cashier, even though the DOT states that these jobs require "frequent" handling, fingering, and reaching.

*Id.*

The Ninth Circuit distinguished *Gutierrez*:

> Contrary to the facts in *Gutierrez*, we cannot say that, based on common experience, it is likely and foreseeable that an office helper, mail clerk, or parking lot cashier with limitations on his ability to "handle, finger and feel with the left hand" could perform his duties. The DOT's lengthy descriptions for these jobs strongly suggest that it is likely and foreseeable that using both hands would be necessary to perform "essential, integral, or expected" tasks in an acceptable and efficient manner. . . . Moreover, all three jobs require workers to "frequently" engage in handling, fingering, and reaching, which means that these types of activities could be necessary for as much as two-thirds of the workday. Absent anything in the record to explain this apparent discrepancy, we must reverse and remand so the ALJ can ask the VE to reconcile these jobs with Lamear's left hand limitations.

*Id.*

Here, the positions of mail clerk, small parts assembler, and garment folder, while not obscure, are not so commonplace that "common experience" can easily resolve the conflict. As in *Lamear*, common experience does not dictate that it is likely and foreseeable that a mail clerk, small parts assembler, or garment folder with limitations on

7

her ability to reach overhead with her right arm could perform her duties. This is particularly true where all three jobs require workers to frequently or constantly engage in reaching—indeed, reaching may be necessary for up to two-thirds of the workday for mail clerks and small parts assemblers, and for up to the entire workday for garment folders.

Moreover, Defendant's argument that Plaintiff's left arm was not similarly limited as her right arm does not answer the question of whether the DOT's reaching requirements are unilateral or bilateral, "an issue that has divided many courts." *Lamear*, 2017 WL 3254930, at *3. Here, as in *Lamear*, the Court "cannot determine from this record, the DOT, or . . . . common experience whether the jobs in question require both [arms], so we cannot say the ALJ's failure to inquire was harmless." *Id.*; *see also Pearson v. Colvin*, 810 F.3d 204, 211 (4th Cir. 2015) ("Although we could guess what these occupations require in reality, it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching.").

The Court **OVERRULES** Defendant's second objection.

### III. Dr. Kotha's Report and Basis for Remand

Defendant objects that the Magistrate Judge erroneously recommended remanding the matter based on Dr. Kotha's assessment. (Dkt. No. 18 at 7–9.) It is plain, however, that the Magistrate Judge did not base his recommendation on Dr. Kotha's report.[3] (*See* Dkt. No. 17 at 25–30.) Rather, remand was recommended on account of the ALJ's failure to develop the record in two areas—the SGA factors and the apparent conflict

---

[3] It is undisputed that "the administrative record includes evidence submitted to and considered by the Appeals Council," as "[t]he Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1162 (9th Cir. 2012) (citing 20 C.F.R. § 404.970(b)).

between the VE's testimony and the DOT. (*See id.*) The Report explicitly recommends that the ALJ should *also* consider Dr. Kotha's assessment on remand. (*See id.* at 27.)

Further, the Report does not conclude that Dr. Kotha's assessment disturbs the substantial evidence supporting the ALJ's decision. (*See id.* at 29.) Rather, the Report notes that while questions of reliability or credibility may affect Dr. Kotha's report, the ALJ, not the Court, is ultimately in the best position to resolve these evidentiary concerns and determine the full significance—if any—of Dr. Kotha's report on the ALJ's own RFC findings. (*See id.*)

The Court **OVERRULES** Defendant's third objection.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. (Dkt. No. 17.) The Court **GRANTS** Plaintiff's motion for summary judgment, (Dkt. No. 13), **DENIES** Defendant's cross-motion for summary judgment, (Dkt. No. 15), and **REMANDS** the matter for further proceedings by the ALJ.

**IT IS SO ORDERED.**

Dated: August 18, 2017

Hon. Gonzalo P. Curiel
United States District Judge